# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANTON ARMSTRONG, | : | |
| Petitioner, | : | Case No. 3:08cv00254 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| ROBIN KNAB, WARDEN,<br>Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon Petitioner's Motion to Re-Open (Doc. # 11) and Respondent's Response in Opposition (Doc. # 12). Petitioner's counsel, a solo practitioner, states that he missed the deadline for filing objections to the Report and Recommendations because he was out of the State attending to other business during the weeks of September 20, 2010 and September 27, 2010 and was unable to file his objections. Counsel therefor requests an opportunity to file objections. Respondent maintains that Petitioner has failed to establish excusable neglect for the late filing of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

objections pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and Petitioner's motion should be denied.

The Sixth Circuit has held that when a party fails to meet a deadline, the district court should determine if such failure was the result of excusable neglect pursuant to Fed. R. Civ. P. 6(b). In *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514 (6th Cir. 2006), the Sixth Circuit set out a number of factors to consider:

> Here, the governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

*Nafziger,* 467 F.3d at 522.

In the instant case, the Court finds that these factors weigh in favor of allowing the late filing. Respondent argues that "...it would be a waste of judicial and state resources to reopen this clear cut case" (Doc. #12), but does not otherwise suggest prejudice. A late filing of objections will not adversely impact on the proceedings because the length of the delay is not extensive and there is no indication Petitioner's counsel acted other than in good faith.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Petitioner's Motion to Re-Open (Doc. # 11) be GRANTED and that this case be re-opened on the docket of this Court; and,

2. Petitioner be directed to file Objections to the Report and Recommendation (Doc. # 8 ), within seven days from the date the District Court rules on this pending Report and Recommendation.


November 17, 2010
                 <u>    s/Sharon L. Ovington    </u>
                     Sharon L. Ovington
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).