UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTON ARMSTRONG, | Case No. 3:08-cv-254 |
| Petitioner, | Judge Timothy S. Black |
| vs. | |
| ROBIN KNAB, Warden, Chillicothe Correctional Institution, | |
| Respondent. | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. 8); (2) OVERRULING PETITIONER'S OBJECTION (DOC. 16); (3) DENYING AND DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1); (4) DENYING PETITIONER'S MOTION FOR FURTHER PROCEEDINGS AS MOOT (DOC. 6); (5) DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY; AND (6) TERMINATING THIS CASE.**

This case is before the Court on the Report and Recommendations of the United States Magistrate Judge, Sharon L. Ovington, wherein the Magistrate Judge recommends that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed, that Petitioner's Motion for Further Proceedings be denied as moot, that a certificate of appealability under 28 U.S.C. § 2253(c) not issue, and that this case be terminated on the Court's docket. Petitioner initially failed to timely object to the Report and Recommendations, and thereafter, the Court entered an Order adopting the Report and Recommendations of the Magistrate Judge. (Doc. 9).

Petitioner then moved to re-open the case so that he could file objections. (Doc. 11). The Magistrate Judge Recommended that Petitioner's Motion to Re-open be granted (Doc. 13), and the Court adopted the Report and Recommendations of the Magistrate Judge in that regard. (Doc. 14). Thereafter, Petitioner submitted an Objection. (Doc. 16). Respondent did not file any response to Petitioner's Objection, and the time for doing so has expired. The case is now ripe for resolution.

-2-

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all filings in this matter. With regard to Petitioner's Fourth Amendment search and seizure claim, Petitioner asserts no objection to the Report and Recommendations of the Magistrate Judge. Accordingly, because Petitioner asserts no objection to the recommended disposition of his Fourth Amendment claim, and, in fact, concedes the correctness of the conclusion reached by the Magistrate Judge, the Report and Recommendations in that regard is adopted in its entirety.

With regard to Petitioner's Fourteenth Amendment claim asserting an equal protection violation, the Magistrate Judge concluded that:

> Armstrong failed to fairly present the Ohio courts with his claim that the police officers detained, arrested, or searched him solely because of his race in violation of the Due Process Clause or Equal Protection Clause. A careful review of the claims and contentions Armstrong asserted in the Ohio Court of Appeals shows that he focused solely on his Fourth Amendment search and seizure claim and arguments without mentioning the Due Process or Equal Protection Clauses and without asserting that the police officers acted exclusively because of his race. Armstrong, moreover, did not cite a case discussing police action that constituted a race-based violation of the Fourteenth Amendment; he instead cited to only Ohio state cases, and one Supreme Court case, concerning Fourth and Fourteenth Amendment search-and-seizure claims.

(Doc. 8). Petitioner, however, contends that such claim is not procedurally defaulted because, throughout the state process, his "entire argument rested upon the fact that the only characteristic that led to his stop and search was his race." (Doc. 16).

The Sixth Circuit holds that:

A claim is "fairly presented" where the petitioner "asserted both the factual and legal basis for his claim to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000) (citation omitted). There are four ways a petitioner can "fairly present" his claim to the state courts:

(1) reliance upon federal cases employing constitutional analysis;

(2) reliance upon state cases employing federal constitutional analysis;

(3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or

(4) alleging facts well within the mainstream of constitutional law.

*Beach v. Moore*, 343 Fed. Appx. 7, 10-11 (6th Cir. 2009) (citing *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir.2005)).

Here, a review of Petitioner's Brief filed in the Ohio Second District Court of Appeals reveals that Petitioner's sole assignment of error asserted that "THERE WAS NOT PROBABLE CAUSE TO SEARCH THE APPELLANT NOR WAS THERE AN [SIC] REASONABLE OR ARTICULABLE SUSPICION THAT THE APPELLANT THAT INVOLVED IN CRIMINAL ACTIVITY." (Doc. 5-2). While Petitioner did mention the word "race" in his Appellate Brief in the Ohio Court of Appeals, he did so only in the context of demonstrating a purported lack of reasonable and articulable suspicion, *i.e.*, that his "only match with the drug dealer reported by [the informant] . . . was his race."[1] (Doc. 5-2).

Further, in his Appellate Brief in the Ohio Court of Appeals, Petitioner cited no case law employing an equal protection analysis, never argued that officers "acted with discriminatory purpose" and cited no facts in an effort to prove a discriminatory purpose motivated his detention (other than the fact that Petitioner was the same race as the reported drug dealer). Thus, the Court agrees with the conclusion reached by the Magistrate Judge finding that Petitioner failed to fairly present an equal protection claim in the Ohio Court of Appeals. Such a failure results in a procedural default.

---

[1] Notably, as determined by the Ohio Second District Court of Appeals, race was not the only "match" between Petitioner and the reported drug dealer. *State v. Armstrong*, No. 21831, 2007-Ohio-5648, ¶ 10, 2007 WL 3071895 (Ohio App. Oct. 19, 2007). The reported drug dealer was a black male that said he would deliver drugs to the informant in about thirty minutes. Petitioner arrived at the informant's back door approximately forty minutes later. The Court of Appeals concluded that "[t]hese facts reasonably warranted [officers] in making a brief investigatory detention despite the fact that Armstrong arrived in a gray car rather than a black truck." *Id.*

Upon consideration of the foregoing, the Court determines that the Report and Recommendations (Doc. 8) should be and is hereby adopted in its entirety. Accordingly, the Court finds that:

(1) The Report and Recommendations of the Magistrate Judge (Doc. 8) should be and is hereby **ADOPTED** in its entirety;

(2) Petitioner's Objection (Docs. 16) is **OVERRULED**;

(3) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED**;

(4) Petitioner's Motion for Further Proceedings (Doc. 6) is **DENIED** as moot;

(5) A certificate of appealability under 28 U.S.C. § 2253(c) is **DENIED**; and

(6) The case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: 2/14/11

Timothy S. Black
United States District Judge

-4-